**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**Judge Robert E. Blackburn**

Civil Action No. 11-cv-02344-REB

IRENE GONZALES,

    Plaintiff,

v.

MICHAEL J. ASTRUE, Commissioner of Social Security,

    Defendant.

**ORDER AFFIRMING COMMISSIONER**

**Blackburn, J.**

    The matter before me is plaintiff's **Complaint** [#1],[1] filed September 6, 2011, seeking review of the Commissioner's decision denying plaintiff's claims for disability insurance benefits and supplemental security income benefits under Titles II and XVI of the Social Security Act, 42 U.S.C. § 401, *et seq.*  I have jurisdiction to review the Commissioner's final decision under 42 U.S.C. § 405(g).  The matter has been fully briefed, obviating the need for oral argument.  I affirm.

### I.  FACTUAL AND PROCEDURAL BACKGROUND

    Plaintiff alleges that she is disabled as a result of a variety of physical and mental impairments.  After her applications for disability insurance benefits and supplemental security income benefits were denied, plaintiff requested a hearing before an administrative law judge.  This hearing was held on August 25, 2010.  At the time of the

---

[1] "[#1]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's electronic case filing and management system (CM/ECF).  I use this convention throughout this order.

hearing, plaintiff was 42 years old.  She has a high school equivalency degree and two years of college work and past relevant work experience as an election canvasser, telemarketer, blood donor processor, and distribution clerk.  She has not engaged in substantial gainful activity since her amended alleged date of onset, November 5, 2008.[2]

The ALJ found that plaintiff was not disabled and therefore not entitled to disability insurance benefits or supplemental security income benefits.  Although the medical evidence established that plaintiff suffered from severe physical and mental impairments, the judge concluded that the severity of those impairments did not meet or equal any impairment listed in the social security regulations.  The ALJ found that plaintiff had the residual functional capacity to perform a range of light work with physical and mental restrictions.  Although these limitations precluded plaintiff's past relevant work, the ALJ concluded that there were other jobs existing in significant numbers in the national and local economies that were within his residual functional capacity.  He therefore found plaintiff not disabled at step five of the sequential evaluation.  Plaintiff appealed this decision to the Appeals Council.  The Council affirmed.  Plaintiff then filed this action in federal court.

## II.  STANDARD OF REVIEW

A person is disabled within the meaning of the Social Security Act only if her physical and/or mental impairments preclude her from performing both her previous

---

[2] After the hearing, plaintiff amended her alleged date of onset, acknowledging that she had engaged in substantial gainful activity after her original alleged onset date.  *See* 20 C.F.R. § 404.1520(b) (claimant who is engaging substantial gainful activity  is not disabled regardless of medical condition, age, education, or work experience).

work and any other "substantial gainful work which exists in the national economy." 42 U.S.C. § 423(d)(2). "When a claimant has one or more severe impairments the Social Security [Act] requires the [Commissioner] to consider the combined effects of the impairments in making a disability determination." ***Campbell v. Bowen***, 822 F.2d 1518, 1521 (10th Cir. 1987) (citing 42 U.S.C. § 423(d)(2)(C)).  However, the mere existence of a severe impairment or combination of impairments does not require a finding that an individual is disabled within the meaning of the Social Security Act. To be disabling, the claimant's condition must be so functionally limiting as to preclude any substantial gainful activity for at least twelve consecutive months. ***See Kelley v. Chater***, 62 F.3d 335, 338 (10th Cir. 1995).

The Commissioner has established a five-step sequential evaluation process for determining whether a claimant is disabled:

1. The ALJ must first ascertain whether the claimant is engaged in substantial gainful activity. A claimant who is working is not disabled regardless of the medical findings.

2. The ALJ must then determine whether the claimed impairment is "severe." A "severe impairment" must significantly limit the claimant's physical or mental ability to do basic work activities.

3. The ALJ must then determine if the impairment meets or equals in severity certain impairments described in Appendix 1 of the regulations.

4. If the claimant's impairment does not meet or equal a listed impairment, the ALJ must determine whether the claimant can perform his past work despite any limitations.

5. If the claimant does not have the residual functional capacity to perform her past work, the ALJ must decide whether the claimant can perform any other gainful and substantial work

>in the economy. This determination is made on the basis of the claimant's age, education, work experience, and residual functional capacity.

20 C.F.R. §§ 404.1520(b)-(f) & 416.920(b)-(f). *See also Williams v. Bowen* 844 F.2d 748, 750-52 (10th Cir. 1988). The claimant has the initial burden of establishing a disability in the first four steps of this analysis. *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5, 107 S.Ct. 2287, 2294 n.5, 96 L.Ed.2d 119 (1987). The burden then shifts to the Commissioner to show that the claimant is capable of performing work in the national economy. *Id.* A finding that the claimant is disabled or not disabled at any point in the five-step review is conclusive and terminates the analysis. *Casias v. Secretary of Health & Human Services*, 933 F.2d 799, 801 (10th Cir. 1991).

Review of the Commissioner's disability decision is limited to determining whether the ALJ applied the correct legal standard and whether the decision is supported by substantial evidence. *Hamilton v. Secretary of Health and Human Services*, 961 F.2d 1495, 1497-98 (10th Cir. 1992); *Brown v. Sullivan*, 912 F.2d 1194, 1196 (10th Cir. 1990). Substantial evidence is evidence a reasonable mind would accept as adequate to support a conclusion. *Brown*, 912 F.2d at 1196. It requires more than a scintilla but less than a preponderance of the evidence. *Hedstrom v. Sullivan*, 783 F.Supp. 553, 556 (D. Colo. 1992). "Evidence is not substantial if it is overwhelmed by other evidence in the record or constitutes mere conclusion." *Musgrave v. Sullivan*, 966 F.2d 1371, 1374 (10th Cir. 1992). Further, "if the ALJ failed to apply the correct legal test, there is a ground for reversal apart from a lack of substantial evidence." *Thompson v. Sullivan*, 987 F.2d 1482, 1487 (10th Cir. 1993).

Although a reviewing court should meticulously examine the record, it may not reweigh the evidence or substitute its discretion for that of the Commissioner. *Id.*

### III. LEGAL ANALYSIS

Plaintiff argues on appeal that the ALJ erred in failing to afford appropriate weight to the opinion of her treating physician and in not including additional mental limitations in the residual functional capacity assessment. Finding no such reversible error in the ALJ's extraordinarily thorough and well-supported opinion, I affirm.

Plaintiff first argues that the ALJ failed to give adequate reasons for discounting the opinion of her treating source, Dr. John Krotchko, that plaintiff was disabled. (*See* Tr. 381.) There are at least two problems with this argument. First, the finding that a claimant is disabled *vel non* is an issue reserved to the Commissioner, and although a source statement on that issue must be considered, it is entitled to no particular weight. *See* 20 C.F.R. §§ 404.1527(e) & 41.6.927(e); *Sosa v. Barnhart*, 2003 WL 21436102 at *5 (D. Kan. April 10, 2003), *adopted*, 2003 WL 21428384 (D. Kan. Jun. 17, 2003).

Second, the opinion of a treating source is entitled to controlling weight only when it is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with other substantial evidence in the case record" and cannot be rejected absent good cause for specific and legitimate reasons clearly articulated in the hearing decision. 20 C.F.R. §§ 404.1527(d)(2) & 416.927(d)(2); *see also Watkins v. Barnhart*, 350 F.3d 1297, 1301 (10th Cir. 2003). Good cause may be found when a treating source opinion is brief, conclusory, or unsupported by the medical evidence. *Frey v. Bowen*, 816 F.2d 508, 513 (10th Cir. 1987). The ALJ here rejected

Dr. Krotchko's assessment because it was not substantiated by a thorough analysis of her particular capabilities.  (*See* Tr. 24.)

Plaintiff argues that this reason, while specific, was not legitimate, insofar as the ALJ had a duty to further develop record in this regard.  ***See Hawkins v. Chater***, 113 F.3d 1162, 1164 (10th Cir. 1997); ***Henrie v. United States Department of Health & Human Services***, 13 F.3d 359, 360-61 (10th Cir. 1993).  Yet plaintiff acknowledges in the very next paragraph that the ALJ in fact did solicit further explication from Dr. Krotchko, who declined the invitation to provide more specifics, saying that,

> While I am familiar with this patient's medical conditions and can supply a detailed and updated problem list, I am unable to complete the medical assessment you sent me as it is beyond my level of expertise and beyond the scope of this clinic in terms of what we do and what services we provide here.  I am unable to obtain clinical documentation of the patient's disabilities to anywhere near the level of detail which is called for by this assessment.

(Tr. 437.)  Undeterred by this apparent dead end, plaintiff argues that the ALJ should have ordered a consultative examination.  20 C.F.R. §§ 404.1512(e) & 416.912(e).

Although the ALJ has a duty to fairly develop the record and must use reasonable good judgment to ensure that the record fairly addresses the material issues in the case, he is not required to "exhaust every possible line of inquiry in an attempt to pursue every potential line of questioning."  ***Hawkins***, 113 F.3d at 1168.  More specifically, a consultative examination may be ordered if there is an inconsistency in the evidence or "the evidence as a whole is insufficient to allow [him] to make a determination."  ***See*** 20 C.F.R. §§ 404.1519a(b) & 416.919a(b).  Neither of those circumstances pertained here.  For one thing, plaintiff already had undergone a

consultative examination in January, 2009. (*See* Tr. 371-374.) For another, the record contained more than sufficient evidence from other, non-examining sources to allow the ALJ to make a well-supported determination of residual functional capacity.

Fundamentally, plaintiff's argument is that the ALJ erred in relying on these non-examining source opinions in formulating his residual functional capacity determination. Here again, however, plaintiff misunderstands the relationship between administrative determinations and medical ones. The ALJ was under no obligation to base his residual functional capacity assessment on any particular medical source's opinion. *See Moses v. Astrue*, 2012 WL 1326672 at *4 (D. Colo April 17, 2012) ("[T]the ALJ was not required to adopt or rely on any medical source opinion in making her residual functional capacity assessment because the determination of residual functional capacity is not a medical opinion."). Instead, residual functional capacity is assessed "based on all of the relevant medical and other evidence," 20 C.F.R. § 404.1545(a)(3) & 416.945(a)(3), "including medical records, observations of treating physicians and others, and plaintiff's own description of his limitations," *Noble v. Callahan*, 978 F.Supp. 980, 987 (D. Kan. 1997). Although the ALJ's determination must be grounded in some medical evidence, *see Anderson v. Shalala*, 51 F.3d 777, 779 (8th Cir. 1995), it ultimately is an administrative determination reserved to the Commissioner, 20 C.F.R. §§ 404.1546 & 416.946; *Rutledge v. Apfel*, 230 F.3d 1172, 1175 (10th Cir. 2000).

Moreover, reliance on the opinions of non-examining state agency physicians in and of itself is not error, so long as those opinions are supported by substantial evidence. "In appropriate circumstances, opinions from State agency medical and

psychological consultants and other program physicians and psychologists may be entitled to greater weight than the opinions of treating or examining sources." **Social Security Ruling** 96-6p, 1996 WL 374180 at *3 (SSA July 2, 1996).  Other than the fact that the agency doctors did not examine her personally, plaintiff points to nothing specific in their opinions that allegedly conflicts with the medical evidence of record. The ALJ exhaustively reviewed that evidence, and his determination of plaintiff's residual functional capacity is well-grounded in that analysis.  There is thus no basis for reversal on these grounds.

For similar reasons, I reject plaintiff's suggestion that the ALJ erred in adopting some, but not all, of the mental limitations suggested by a psychological consultative examiner.  (Tr. 375-378.)  While the ALJ found that plaintiff had the mental residual functional capacity to perform simple tasks and could have only occasional interaction with supervisors and co-workers and no interaction with the general public (Tr. 18-19), he did incorporate or discuss the examiner's further observations that plaintiff "may have limited attention and concentration," that "fatigue may be an issue at work," and that "[s]tress may cause her to withdraw, miss work, or become increasingly irritable" (Tr. 378).

Just as the ALJ is not bound by any particular source opinion as to a claimant's residual functional capacity, neither is he obligated to include in his assessment every limitation possibly suggested by a medical source.  *See Jones v. Astrue*, 2008 WL 2325184 at *5 (E.D. Ky. June 4, 2008); **Powers v. Barnhart**, 2004 WL 2862170 at *4 (D. Me. Dec. 13, 2004).  Although the ALJ cannot ignore such opinions, of course, *see*

**Social Security Ruling 96-5p**, 1996 WL 374183 at *1 (SSA July 2, 1996), plaintiff points to nothing in the record suggesting that any potential limitations occasioned by her limited attention and concentration, fatigue, and stress were not accounted for adequately by the ALJ's determination that plaintiff could perform no more than simple tasks and should have limited to no contact with others.

The ALJ did an exceptionally thorough job of reviewing all the evidence of record in this matter. I find and conclude that his determination of plaintiff's residual functional capacity is free from legal error and supported by substantial evidence.

**THEREFORE IT IS ORDERED** that the conclusion of the Commissioner through the Administrative Law Judge that plaintiff was not disabled is **AFFIRMED**.

Dated September 24, 2012, at Denver, Colorado.

                              **BY THE COURT:**

                              */s/ Robert E. Blackburn*
                              Robert E. Blackburn
                              United States District Judge